UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                      )
                                            )
    GEORGE C. HEFLIN, JR.            )    Case No. 09-18642-SSM
                                            )    Chapter 13
                     Debtor                 )

**MEMORANDUM OPINION**

Although the trustee recommends confirmation, Potters Glen Community Association ("Potters Glen") has objected to confirmation of the modified plan filed by the debtor because it does not provide for payment of on-going property owner assessments on property that the debtor is surrendering. A hearing was held on March 10, 2010, at which the court heard the contentions of the parties and took the matter under advisement. For the reasons stated, the objection will be overruled and the plan will be confirmed.

Background

George C. Heflin, Jr. ("the debtor") filed a voluntary petition in this court on October 20, 2009, for adjustment of his debts under chapter 13 of the Bankruptcy Code. Among the assets listed on his schedules were two parcels of real estate, one located in Alexandria, Virginia, and the other in Haymarket, Virginia, with both parcels being encumbered substantially in excess of their fair market value. "Potters Glen HOA" is shown as the holder of a unsecured claim in the amount of $4,307 for "HOA dues."

After his initial plan was denied confirmation, the debtor filed on February 3, 2010, the modified plan that is presently before the court. It requires the debtor to pay the chapter 13

1

trustee $366.00 per month for 60 months, and projects a dividend to unsecured creditors of 12 cents on the dollar. Relevant to the present objection, it proposes to surrender the property at 6257 Clara Edward Terrace, Alexandria, Virginia upon which Potters Glen claims a lien. On February 16, 2010, the holder of the note secured by a deed of trust against the property, The Bank of New York Mellon Trust Company, National Association, as Trustee, was granted relief from the automatic stay in order to foreclose, although apparently no foreclosure sale has yet taken place. Potters Glen filed a timely proof of claim asserting a secured claim in the amount of $3,051.79 and an unsecured claim in the amount of $610.00 for unpaid homeowner association dues with respect to the property.[1]

Discussion

The requirements for confirmation of a chapter 13 plan are set forth in § 1325 of the Bankruptcy Code. With respect to allowed secured claims, unless the creditor accepts some other treatment, either the creditor must retain its lien and receive payments having a present value equal to the amount of its secured claim, § 1325(a)(5)(B), Bankruptcy Code, or "the debtor surrenders the property securing such claim to the holder." *Id.* § 1325(a)(5)(C). Potters Glen

---

[1] The debtor has filed an objection to the Potters Glen proof of claim but has not noticed the objection for a hearing. The secured portion of the claim represents the amount owed on two judgments obtained by Potters Glen against the debtor. Importantly, the judgments appear to have been docketed only in Fairfax County and are thus a lien only against the Clara Edward Terrace property (located in that county) and not the property at 1804 Ridge Road, Haymarket, Virginia, which the debtor is retaining (and where he resides). In any event, since the two deeds of trust against the Haymarket property appear to exceed its value by more than $80,000, any lien arising from the judgment—even had it been docketed in Prince William County, where the Haymarket property is located—would not have been protected against "cram down." *See In re Williams*, 166 B.R. 615 (Bankr. E.D. Va. 1994) (holding that debtor was not barred from avoiding wholly unsecured judgment lien against principal residence in chapter 13 plan, since § 1322(b)(2)'s prohibition on modification extends only to security interests, and a judgment lien is not a security interest).

2

cites no express authority for the proposition that a secured creditor is entitled to post-petition payments with respect to collateral that is to be surrendered,[2] but argues that such a requirement can be implied with respect to homeowner association dues from § 523(a)(16), Bankruptcy Code, which excepts post-petition homeowner association dues from discharge so long as the debtor or the trustee has a "legal, equitable, or possessory ownership interest" in the property—which would be true at least until a foreclosure sale is held.[3]  However, § 523(a)(16) does not apply in chapter 13 except in the rare instances when a debtor who is unable to complete payments under a plan is granted a so-called "hardship discharge" under § 1328(b),

---

[2]  It is true that the holder of a claim secured by—and "attributable to the purchase of"— *personal property* is entitled to pre-confirmation adequate protection payments.  § 1326(a)(1)(C), Bankruptcy Code.  Whether adequate protection payments are required even if the debtor proposes to surrender the collateral is an issue the court need not reach in the present case, since the requirement does not apply to claims secured by real property.

[3]  The complete text of § 523(a)(16) is as follows:

> (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
> * * *
>     (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case[.]

The court is aware of anecdotal complaints by attorneys representing consumer debtors that mortgage holders, even after being granted relief from the automatic stay, often delay many months in conducting foreclosure sales and sometimes do not immediately record foreclosure deeds when they have bid the property in at the sale, leaving chapter 7 debtors saddled with substantial post-petition condominium or homeowner association assessments even though they may have moved out of the property many months before.

Bankruptcy Code. By contrast, a chapter 13 discharge that is granted upon completion of plan payments is significantly broader than the discharge granted an individual debtor under chapter 7, 11 or 12 and does *not* exclude post-petition home owner association dues. *See* § 1328(a)(2), Bankruptcy Code (listing those paragraphs of § 523(a) that apply to a chapter 13 discharge). And even if the discharge exception *did* apply, a creditor is not entitled to preferred treatment in a plan merely because it holds a non-dischargable debt: rather, it simply means that the debt, to the extent unpaid by the plan, remains a liability of the debtor following discharge. To the extent Potters Glen is actually secured,[4] the treatment of its claim fully comports with § 1325(a)(5)(C), since the plan surrenders the collateral, and Potters Glen is free to enforce its lien in accordance with applicable non-bankruptcy law. And to the extent the value of the property is not sufficient to satisfy its claim, it is entitled to the same treatment—but only the same treatment—as other unsecured claims.[5] Because the debtor's plan proposes no less, the objection to confirmation will be overruled.

---

[4] The schedules reflect a fair market value for the Clara Edward Terrace property of $388,000, and a balance owned on the deed of trust of $470,258. Assuming those figures are correct, Potters Glen, because its judgment lien is subordinate to the deed of trust, is plainly unsecured.

[5] Whether, under the rationale of *River Place East Housing Corp. v. Rosenfeld (In re Rosenfeld)* 23 F.3d 833 (4th Cir 1994), Potters Glen would be entitled to file a claim under § 1305(a)(2), Bankruptcy Code, for post-petition dues is an issue the court need not reach at this time, since the only question before the court is whether the plan satisfies the requirements for confirmation. But assuming the post-petition dues were an allowed post-petition claim, they would be treated the same as other unsecured claims. § 1305(b), Bankruptcy Code.

A separate order will be entered confirming the debtor's plan.

Date: _____        _____
                                                Stephen S. Mitchell
Alexandria, Virginia                            United States Bankruptcy Judge

Copies to:

Aimee T. H. Kessler, Esquire
Segan, Mason & Mason, P.C.
7010 Little River Turnpike, #270
Annandale, VA 22003
Counsel for Potters Glen Community Association

Lois Ilaine Upton, Esquire
Robert A. Ades & Associates PC
5419-B Backlick Road
Springfield, VA 22151
Counsel for the debtor

George C Heflin, Jr.
1804 Ridge Road
Haymarket, VA 20169
Debtor

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee